IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SVO QUALITY SOLUTION DMCC<br><br>**Plaintiffs**<br><br>v.<br><br>**NODUS INTERNATIONAL BANK, INC.;<br>TOMAS NIEMBRO CONCHA**<br><br>**Defendants** | Civil No. 23-1313<br><br><br>RE: BREACH OF CONTRACT;<br>DAMAGES; ASSOCIATED WITH<br>THE BREACH OF CONTRACT,<br>TORTS |

**REPLY TO OPPOSITION TO MOTION TO DIMISS UNDER BURFORD ABSTENTION**

**TO THE HONORABLE COURT:**

**COMES NOW**, codefendant **Nodus International Bank, Inc.** (hereinafter "Nodus"), through the undersigned attorneys and respectfully states and prays as follows:

On August 21, 2023, SVO Quality Solutions DMCC ("SVO") filed an *Opposition to Motion to Dismiss Under Burford Abstention* ("Opposition"). *See* ECF 13. With its Opposition, SVO filed two exhibits, which, as described by SVO in its *Motion for Leave to File the Exhibits 1 & 2 Opposition to Motion to Dismiss … in Spanish Pending Receipt of Certified Translation* ("Motion for Leave") are "an official June 6, 2023 letter from the Commissioner of Financial Institutions ("OCFI") in response to an SVO Administrative Complaint" and "an official June 20, 2023 letter from the OCFI" (together referred as "Exhibits"). *See* ECF 14 ¶1, page 1.

Because of the arguments raised by SVO in their Opposition and the inclusion of two Exhibits we find it necessary to supplement our Motion to Dismiss under Burford Abstention with the instant reply.

**A. The instant Complaint is a claim against Nodus assets and funds in liquidation and not a straightforward breach of contract dispute**

1

In its Opposition, SVO alleges that "Nodus, however, fails to show that a regulatory scheme encumbering this breach of contract dispute exists that would enable the Court to even consider a Burford abstention." *See* ECF 13 ¶2, page 1. Concluding, in its pertinent part, that "[m]oreover, this case does not present difficult questions of state law bearing on substantial public policy problems. **It is a straightforward contractual dispute**." (Emphasis ours). *See* ECF 13 ¶2, page 10.

As its Opposition shows, SVO bases its Complaint and Opposition in incorrectly deeming the instant controversy as a straightforward contractual dispute and ignoring the fact that Nodus has entered into a voluntary liquidation agreement with the Office of the Commissioner of Financial Institutions ("OCFI"), knowledge of which SVO had before filing the instant Complaint and conveniently did not mention in its Complaint. As Exhibit 1 of the Opposition shows, this defect has already been raised and pointed out by the OCFI, in its June 6, 2023, Resolution of the Complaint filed by SVO before them for the same facts as those raised in the instant Complaint. *See* ECF 13-1 and ECF 15-1.

> "Act No. 4 of October 11, 1985, better known as the "Office of the Commissioner of Financial Institutions Act", grants powers and faculties to the Office to regulate, oversee and address complaints related to financial institutions as defined in the law. The Nodus reached a Voluntary Liquidation agreement with this Office providing for the cessation of operations of said bank in the jurisdiction of Puerto Rico. […]
> However, although the Office is taking steps to expedite that Nodus returns the money to its clients, the reality is that this Office does not have jurisdiction over disputes that arise as part of a private contract between a depositor and a bank.
> […]
> It is for this reason that, although the Office is taking steps within its reach to expedite and guarantee the return of funds to Nodus' clients, if there is any situation in said process, we recommend that you consult a lawyer to evaluate other available claiming options." *See* ECF 15-1 ¶4-7, pages 1-2.

The lack of the alleged straightforwardness of the dispute is further supported by the fact that, as OCFI states in its '*official June 20, 2023 letter*', "Nodus holds license number EBI-60, issued

2

on November 17, 2009, which remains in force for the sole purpose of Nodus completing the liquidation process as established in the Plan of Voluntary Liquidation and Dissolution", thus Nodus does not have the legal capacity to comply with SVO's request. *See* ECF 15-2 ¶2, page 1.

Contrary to SVO's allegations, Nodus has shown the existence of a regulatory scheme governing SVO's claims against Nodus assets and funds in liquidation, which SVO has misplaced as a breach of contract dispute. The regulatory scheme has been further supported with SVO's Exhibits in which OCFI stated that they are taking steps within its reach to expedite and guarantee the return of funds to Nodus' clients and the copy of the Plan of Voluntary Liquidation and Dissolution of Nodus International Bank, Inc., ("Plan of Liquidation and Dissolution"), accepted and approved by the Commissioner of Financial Institutions, which is conducted under the supervision of the OCFI and governs the operations, winding up its business and affairs, and preserving the value of its asset through the orderly liquidation of Nodus, in accordance with Act No. 52-1989, the Puerto Rico General Corporation Law of 2009, the Puerto Rico Internal Revenue Code, and public interest considerations.

Moreover, this Honorable Court should consider that the controversies that arise from the Motion to Dismiss, and its Opposition, are comprised in the application of a special law, that governs international financial entities, versus the application of the Civil Code. Article 27 of the Puerto Rico Civil Code governs this controversy and establishes that "[t]he provisions of this Code apply supplementarily to matters governed by other laws, except when otherwise provided." (Translation ours). Article 27 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §5349. Thus, pursuant to Article 27 of the Puerto Rico Civil Code, the application of the laws that govern international financial entities supersede SVO claims under Articles 1255, 1536, 1538 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §9823, 10801, 10803.

**B. Abstention under Burford is justified as all factors are satisfied**

As discussed in the Motion to Dismiss Under Burford Abstention ("Motion to Dimiss"), in its Complaint, SVO prays this Honorable Court, among other things, to enter judgment "granting specific enforcement of the Deposit Agreement".

Contrary to SVO unsupported argument that this Honorable Court is not sitting in equity, this Honorable Court has determined that specific performance falls under the category of an equitable remedy. *See* Teal Peak Capital, LLC v. Alan Bram Goldman, No. 20-1747-PAD, 2022 WL 875493, at *13 (D.P.R. March 24, 2022). ("Shifting lenses, the defendant argues that Clause 15 does not consider specific performance (Docket no. 63, p.8). Yet, Clause 15 provides that plaintiff shall be entitled to equitable remedies under law, and specific performance falls under that category. The concept of specific performance shares consanguinity with the permanent injunction, itself a creature of equity. See, Axia Netmedia Corporation v. Massachusetts Technology Park, 889 F.3d 1, 8 (1st Cir. 2018)(equating permanent injunction with order granting request for specific performance); McDonald's Corp. v. Lebow Realty Tr., 888 F.2d 912, 913 (1st Cir. 1989)(request for permanent injunction ordering specific performance of option agreement); Bolin Farms v.American Cotton Ass'n, 370 F.Supp. 1353, 1369 (W.D. La. 1974)(noting that no bond can be required where specific performance has been ordered in the form of a permanent injunction"). *See also,* In Re: Vanessa Navarro Betancourt, Adv. Proc. No. 20-00089 at 13 (Bkcy. D.P.R. February 8, 2021). ("An equitable remedy (equitable relief) is defined by *The Wolters Kluwer Bouvier Law Dictionary Desk Edition* as follows: '[i]njuction, specific performance, restitution, or other remedies exclusive to equity. Equitable remedies, in general, are in personam orders requiring the defendant to do equity to the plaintiff. Equity does not employ legal remedies unless there are ancillary legal claims in predominately equitable cause, thus damages are rarely

4

given in equity. A court in equity has an obligation to fashion such a remedy as is required to do justice according to the peculiar facts before it. The most common form of equitable remedy is the injunction. Other forms include specific performance, accounting, rescission, division, declaratory relief, estoppel, subrogation, rectification, a constructive trust, an equitable lien, and equitable restitution. Equity may also employ the prerogative writs, such as mandamus and prohibition.").

Also, as previously discussed, the instant Complaint is a claim against Nodus assets and funds in liquidation and not a straightforward breach of contract dispute. As discussed in our Motion to Dismiss, Act 4 of October 11, 1985, as amended, known as Office of Financial Institutions Act, Act 52 of August 11, 1989, as amended, known as International Banking Center Regulatory Act and Regulation No. 5653, known as Regulation of International Banking Center Regulatory Act, approved on July 23, 1997, provide the established regulatory scheme applicable to international banking entities liquidation procedures and the timely and adequate state-court review. *See* ECF 12, State Regulatory Scheme for International Banking Entity, pages 5-9.

In their argument contesting the second prerequisite for Burford abstention, being "(2) that an administrative scheme or order encumbering this contractual dispute exists" SVO chooses to focus on the existence or nonexistence of an order instead of considering the legal scheme pertaining the surrendering of the license to operate an international baking entity. The referenced legal scheme provides for OCFI to either "postpone or to authorize the cease of operations of the IBE with or without conditions" and the requirement that the international financial entity "shall comply with each and every one of the conditions imposed by the Commissioner to cease operations."

As discussed in the Motion to Dismiss, the Plan of Liquidation and Dissolution is just that, the authorization from OCFI to cease operations with conditions which Nodus shall comply with, which is part of the administrative scheme and, although we admit it could be far-fetched, could

be considered an order from OCFI as it contains all conditions that Nodus must comply with to cease operations.

**C. All Relevant Material Facts that Justify a Burford Abstention are supported by Plaintiff's Exhibits**

Even though SVO had knowledge before the filing of the Complaint that "Nodus reached a Voluntary Liquidation Agreement with [OCFI] providing for the cessation of operations of said bank in the jurisdiction of Puerto Rico" (*see* ECF 15-1 ¶3, page 1), that "the [OCIF] is taking steps to expedite that Nodus returns the money to its clients" (*see* ECF 15-1 ¶2, page 2) and that "the [OCFI] is taking steps within its reach to expedite and guarantee the return of funds to Nodus' clients", it conveniently withheld said information from this Honorable Court and argue that this Honorable Court cannot consider the Relevant Material Facts that Justify a Burford Abstention included by Nodus in its Motion to Dismiss because they were not averred in the Complaint and because the proposed facts are allegedly unsupported with admissible evidence.

SVO has had the opportunity to dispute the Relevant Material Facts that Justify a Burford Abstention, and has tried to do so, but it has failed to show that said facts are usupported as the Exhibits in its Opposition support Nodus' position. The Exhibits show, the Relevant Material Facts that Justify a Burford Abstention were known by SVO, either before the filing of the captioned case or five days after carrying out the service of summons upon Nodus. As we will show hereinbelow, all Relevant Material Facts that Justify Burford Abstention are supported by the Exhibits filed by SVO.

"Nodus made the business decision to voluntarily negotiate and coordinate, with its regulator OCFI, the surrendering of its license to operate an international banking entity." ECF 12 ¶7, page 4. In support of this fact *see* ECF 15-1 ¶3, page 1 and ECF15-2, page 4-18.

"On May 5, 2023, the surrendering of Nodus' license to operate an international banking entity

was perfected and the Plan of Liquidation and Dissolution, accepted and approved by the Commissioner, came into effect." ECF 12 ¶8, page 4. In support of this fact *see* ECF 15-2, page 4-18.

"Notwithstanding the fact that Nodus surrendered its license to operate as an international banking entity, as it has been coordinated with the Commissioner, Nodus maintains its license EBI-60 for the sole purpose of completing its liquidation as approved by OCFI through the Plan of Liquidation and Dissolution." ECF 12 ¶9, page 4. In support of this fact *see* ECF 15-2 ¶2, page 1 and ¶enumerated 3, page 6-7.

"The Plan of Liquidation and Dissolution contains every condition, imposed by the Commissioner, that Nodus must meet to cease operations. Thus, the Plan of Liquidation and Dissolution governs the operations, winding up its business and affairs, and preserving the value of its assets though the orderly liquidation of Nodus, in accordance with Act No. 52-1989, the Puerto Rico General Corporation Law of 2009, the Puerto Rico Internal Revenue Code, and public interest considerations." ECF 12 ¶10, page 4. In support of this fact *see* ECF 15-2 ¶5, page 4.

"During the term of the Plan of Liquidation and Dissolution, the monies deposited in the bank accounts are part of the analysis of Nodus assets and liabilities. As a measure to promote the efficient and prompt adjudication of creditors' claim and to ensure a fair and equitable method of distributing Nodus' assets, the Plan of Liquidation and Dissolution prohibits the distribution of assets that are contrary to the Plan of Liquidation and Dissolution and that are not approved by OCIF." ECF 12 ¶11, page 4-5. In support of this fact *see* ECF 15-2 ¶enumerated 4, page 7.

"Pursuant to the Plan of Liquidation and Dissolution, the disbursement of monies deposited in the bank accounts will be made based on Nodus' final analysis of assets and liabilities, which must be confirmed by OCFI." ECF 12 ¶12, page 5. In support of this fact *see* ECF 15-2 ¶enumerated 5,

page 7.

"On June 6, 2023, Driven Advisors PSC was named to administer Nodus in accordance with Act 52-1989 and the Plan of Liquidation and Dissolution." ECF 12 ¶13, page 5. In support of this fact *see* ECF 15-2, Answer to question 5, page 2.

All other arguments raised in the Motion to Dismiss in favor of dismissal under Burford abstention that contest SVO arguments in Opposition are incorporated by reference herein, specifically reiterating that

> "[t]he allegations and prayer in the Complaint show that SVO is requesting the specific performance of the Deposit Agreement and the remedy sought is against Nodus assets and funds, the adjudication of which is governed by the Plan of Liquidation and Dissolution conducted under the supervision of OCFI, in accordance with state law. The Complaint completely entails a state-law claim governed by a state administrative scheme. An entry of judgment by this Honorable Court in favor of Plaintiff would bypass OCFI's efforts in exercising its authority and responsibility to achieve an efficient, prompt, and consistent adjudication of claims against Nodus assets.
> The need for the liquidation and dissolution of international banking entities to be conducted solely under the supervision of OCFI is more than warranted: (i) due to the inherent complexity that the liquidation and dissolution of a financial institution entails, and the necessary application of state law; (ii) to avoid the threat of frustrating the purpose of administrative system that has been established to regulate, control and supervise international banking entities; (iii) in the interest of promoting an efficient, consistent and prompt adjudication of claims against Nodus assets in liquidation; (iv) to avoid the risk of the District Court becoming the "regulatory decision-making center"; (v) for it being the agency authorized by law to control and supervise financial entities and who has the responsibility to ensure that the interest of those associated with this industry [are protected]." *See* ECF 12 ¶3, page 2-3, ¶1, page 3.

> "Moreso, in the wise judicial administration, the exercise of this Honorable Court's diversity jurisdiction would have no practical effect as SVO would always have to file a claim in the liquidation forum which is conducted under the supervision of OCFI, causing piecemeal litigation as the liquidation forum would have to adjudicate the identical issue, thereby duplicating efforts and potentially rendering conflicting results, incurring in more expenses, causing unnecessary delay in collecting the amounts that may be owed, which in turn, has the result of causing delay in the liquidation and uncertainty as to the potential effect on the assets of Nodus in liquidation because it is no[t] known whether a final and binding decision will ultimately be rendered against Nodus and the amount of the decision before

the administrator can respond to the claimant." *See* ECF 12 ¶2, page 11.

**WHEREFORE,** on the basis of the foregoing, Nodus respectfully requests that this Honorable Court enter Judgment deeming abstention as proper and abstain from exercising jurisdiction over this matter and dismiss the instant Complaint.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of August 2023.

*/s/ Marla R. Rodríguez-Espada, Esq.*
Marla R. Rodríguez-Espada, Esq.
USDC-PR 306106
mrodriguez@pirillolaw.com

*/s/ Jose E. Nassar-Veglio, Esq.*
Jose E. Nassar-Veglio, Esq.
USDCPR-PR 220308
jnassar@pirillolaw.com

**PIRILLO LAW LLC**
PO Box 194981
San Juan, PR 00919-4981
Tel. (787) 957-3077

*Attorneys for Nodus International Bank, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all attorneys who have made appearance within the CM/ECF System.

*/s/ Marla R. Rodríguez-Espada, Esq.*
Marla R. Rodríguez-Espada, Esq.
USDC-PR 306106
mrodriguez@pirillolaw.com
**PIRILLO LAW LLC**
PO Box 194981
San Juan, PR 00919-4981
Tel. (787) 957-3077
*Attorneys for Nodus International Bank, Inc.*